Loeing-, J.,
delivered tbe opinion of tbe court:
Tbe petition states that tbe claimant is tbe widow of Joseph Alexander, a soldier of tbe revolutionary army, and as such is a pensioner under tbe second section of tbe act of February 3, 1853; and she claims tbe payment of her pension from tbe 4th day of March, 1848, to tbe 3d day of February, 1853, which lias been demanded at the department and refused.
In support of her petition, tbe claimant produces tbe certificate of tbe Commissioner of Pensions that she is, as stated, a pensioner under tbe act of 1853. This is prima facie evidence of her title to tbe pension, and of all tlie' facts that make her title, and there is no conflicting testimony; and tbe certificate also states and proves that payment of tbe pension prior to February, 1853, has not been made.
Tbe remaining questions are questions of law, viz, whether tbe act of February 3, 1853, which extends pensions to widows of soldiers of tbe Devolution married after January, 1800, is to be construed in reference to tbe act of March 4, 1848, which gave pensions to widows of soldiers of tbe Devolution married before January 1, 1800? Secondly, what is tbe effect of tbe two acts when construed together ?
These questions have been heretofore decided in this court in tbe cases of Jane Smith and Lydia Clark, which were in all respects like this; and for tbe reasons set forth in those cases we adjudge that tbe petitioner is entitled to her pension of $80 per year from tbe 4th day of March, 1848, to the 3d day of February, 1853, amounting to $393 33, for which judgment is to be allowed for the petitioner.